**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JORDAN L. RAUCH,**

       **Petitioner,**

**v.**                                        **Case No. 3:11-cv-00068**

**DAVID BALLARD, Warden,
Mount Olive Correctional Complex,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 1). This case was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned proposes that the United States District Judge find that Petitioner has failed to pay the requisite filing fee or file an Application to Proceed Without Prepayment of Fees and Costs and, likewise, has failed to exhaust his State remedies. Thus, his Petition should be dismissed, without prejudice.

## I.   Procedural Background

Petitioner pled guilty and was convicted in May 2007 of five counts of First Degree Sexual Abuse. He was sentenced to a term of incarceration of five to twenty five years. Petitioner did not file a direct appeal of his conviction or sentence.

In June 2010, Petitioner filed a Petition for Writ of Habeas Corpus ad Subjiciendum in the Circuit Court of Wayne County, West Virginia.  On January 28, 2011, before the state court action had been resolved, Petitioner filed this civil action seeking a reduction of his sentence based upon claims of ineffective assistance of counsel.[1]  At the time he filed the Petition with this Court, Petitioner neither paid the filing fee, nor filed an Application to Proceed Without Prepayment of Fees and Costs.  On March 21, 2011, the undersigned entered an Order instructing Petitioner to either pay the filing fee or submit the appropriate application to the Court on or before April 22, 2011.  To date, Petitioner has failed to comply with that Order.

## II.   **Failure to Pay Fee or File Application**

Title 28 U.S.C. § 1914 mandates that any party instituting a civil action, suit, or other proceeding in a Federal District Court must pay a filing fee to the Clerk of Court. Title 28 U.S.C. § 1915(a), in relevant part, allows the Court to authorize commencement of an action without prepayment of the filing fee if the Court determines that the instituting party is unable to afford the fee.  To establish an inability to pay, the party must submit an affidavit, which includes a statement of all of the assets the party possesses.  In the case of a prisoner, a certified copy of the prisoner's trust fund statement from the correctional facility must accompany the affidavit.  Title 28 U.S.C. § 1915(a)(2).

Failure to pay the filing fee or provide an *in forma pauperis* application in accordance with § 1915(a)(2) constitutes grounds upon which to dismiss a Petition for Writ of Habeas Corpus.  See, e.g., *Benton v. Washington*, 106 F.3d 162 (7th Cir. 1996);

---

[1] The procedural history is taken from the Petition for Writ of Habeas Corpus (Docket No. 1) and the Court's docket.

*McCray v. Johnson*, 66 Fed. Appx. 508 (4th Cir. 2003); *Culler v. Board of Prison Terms*, 405 Fed. Appx. 263 (9th Cir. 2010); *Price v. Reid*, 118 Fed. Appx. 376 (10th Cir. 2004); *Davis v. Gordon*, 75 Fed. Appx. 261 (5th Cir. Miss 2003).  Dismissal on this ground is without prejudice to the filing of another Petition, *McCray v. Johnson*, *supra,* and does not trigger the obligations attendant to second or successive petitions. *Benton v. Washington, supra.* Therefore, the undersigned respectfully **PROPOSES** that the presiding District Judge **FIND** that Petitioner has not paid the requisite filing fee, nor sought permission to proceed without prepayment of fees and costs, therefore, his Petition should be dismissed, without prejudice.

## III.   <u>Failure to Exhaust State Court Remedies</u>

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, provides that in the absence of exceptional circumstances, a state prisoner must first exhaust his claims in the appropriate state court before availing himself of federal habeas relief under 28 U.S.C. § 2254. *See, e.g.*, *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws that exhaustion of adequate state remedies will "best serve the policies of federalism." *Preiser v. Rodriguez,* 411 U.S. 475, 491-92 & n. 10 (1973). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor,* 404 U.S. 270, 275 (1971).

To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in West Virginia may exhaust his

available state court remedies in any of three ways: (1) by presenting cognizable federal constitutional claims in a direct appeal; (2) by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the Supreme Court of Appeals of West Virginia; or (3) by filing a petition for a writ of habeas corpus under the original jurisdiction of the Supreme Court of Appeals of West Virginia which is denied with prejudice. *Lester v. Ballard*, 2011 WL 183376, *6 (S.D.W.Va. 2011), citing *Moore v. Kirby,* 879 F.Supp. 592, 593 (S.D.W.Va. 1995); *McDaniel v. Holland,* 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986).

Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett,* 134 F.3d 615, 619 (4th Cir. 1998), *citing Matthews v. Evatt,* 105 F.3d 907, 910-11 (4th Cir. 1997). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004), *quoting Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran,*

- 4 -

220 F.3d 276, 289 (4th Cir. 2000), *quoting Matthews,* 105 F.3d at 911. Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.*, *citing Duncan,* 513 U.S. at 366; *see Gray v. Netherland,* 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews,* 105 F.3d at 911, *citing Mallory v. Smith,* 27 F.3d 991, 994 (4th Cir. 1994). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. *McDaniel v. Holland,* 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986), citing *Preiser v. Rodriguez,* 411 U.S. 475, 477 (1973)

Here, Petitioner filed a Petition for Writ of Habeas Corpus ad Subjiciendum in the appropriate State Circuit Court and no ruling has yet issued. The state court Petition has been pending less than one year, and Petitioner offers no argument or factual basis upon which to excuse his failure to exhaust his state court remedies. Therefore, the undersigned respectfully **PROPOSES** that the presiding District Judge **FIND** that Petitioner has not exhausted his state court remedies; accordingly, his Petition should be dismissed, without prejudice, as premature.

## IV.   <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED,** without prejudice, so that he may exhaust the state court remedies available to him.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers,

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the petitioner, the respondent, and any counsel of record.

**FILED:** May 9, 2011.

Cheryl A. Eifert
United States Magistrate Judge